**Abdul Wakil AMIRI, Appellant**

v.

**WASHINGTON HILTON HOTEL, Appellee.**

No. 05–7033.

United States Court of Appeals, District of Columbia Circuit.

Dec. 5, 2005.

Rehearing En Banc Denied Feb. 15, 2006.

Abdul Wakil Amiri, Washington, DC, pro se.

Anita Barondes, David Michael Burns, Seyfarth Shaw, Washington, DC, for Appellee.

Before: HENDERSON, RANDOLPH, and BROWN, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed January 14, 2005, granting summary judgment in favor of appellee, and the district court's minute order filed February 15, 2005, denying reconsideration of the January 14 order, be affirmed. Summary judgment was appropriate because a reasonable jury could not infer intentional discrimination from all the evidence, including "(1) the plaintiff's prima facie case; (2) any evidence the plaintiff presents to attack the employer's proffered explanation for its action; and (3) any further evidence of discrimination that may be available to the plaintiff (such as independent evidence of discriminatory statements or attitudes on the part of the employer)." *Carter v. George Washington University,* 387 F.3d 872, 878 (D.C.Cir. 2004), quoting *Waterhouse v. District of Columbia,* 298 F.3d 989, 993 (D.C.Cir. 2002), and *Aka v. Washington Hosp., Ctr.,* 156 F.3d 1284, 1289 (D.C.Cir.1998) (en banc). Appellant thus did not carry his ultimate burden of proving that race, color, and/or national origin were the determining factor(s) for his non-selection for either of the two hotel room attendant positions. *See generally George v. Leavitt,* 407 F.3d 405, 411 (D.C.Cir.2005).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.